MICHAEL E. PISTON (MI SB#P34568)
Attorney for Plaintiff
225 Broadway Suite 307
New York, NY 10007
Telephone: (646) 845-9895
Facsimile:  (206) 770-6350

Local Counsel:
LAW OFFICES OF KASTURI B. GANDHAM
Kasturi B. Gandham (CSB# 158791)
4126 W. Concord Avenue
Visalia, CA  93277
Telephone: (626) 284-4365
Facsimile:  (626) 284-4381

UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| WENMIN MA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br>UNITED STATES CITIZENSHIP  AND IMMIGRATION SERVICES,  an agency of the United States government<br><br><br>　　　　　Defendant. | Case No. 15-05672 MEJ<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Hon. Maria-Elena James<br>Magistrate Judge<br><br>Next Hearing Date to be set by the Court |

I.      NOTICE OF MOTION

    PLEASE TAKE NOTICE that at a time to be set by the Court, the Plaintiff

will bring forth for  hearing her  Rule 56 motion for Summary Judgment. The

hearing will take place before Magistrate Judge Maria-Elena James at San

1

Francisco Courthouse, Courtroom B - 15th Floor 450 Golden Gate Avenue, San

Francisco, CA 94102.

## II.      STATEMENT OF RELIEF

Plaintiff  moves the Court to grant her summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure on the grounds that that there is no

genuine dispute as to any material fact and that the plaintiff is entitled to judgment

as a matter of law on her complaint, and therefore to hold unlawful and set aside

the decision of Director of the United States Citizenship and Immigration Services'

California Service Center in File No. WAC0717250116.

## III.     STATEMENT OF THE ISSUE

Whether the USCIS acted in accordance with law in revoking Shenyun Li's

immigrant visa petition upon behalf of  Wenmin Ma as the unmarried daughter of a

U.S. citizen solely because of the death of Shenyun Li.

## IV.     INTRODUCTION AND SUMMARY

This is plaintiff's motion for summary judgment pursuant to Rule 56 of the

Rules of Federal Civil Procedure on her claim that the defendant's decision of

August 24, 2015, revoking her mother's petition to classify her as a first preference

family based immigrant under 8 U.S.C. § 1153(a)(1), solely on account of her

mother's death, was not in accordance with law, inasmuch as the death of her

mother did not change the fact that plaintiff was, and remains, her unmarried daughter.

V.    STATEMENT OF FACTS

Shuzen Li, then an alien lawfully admitted to the United States for permanent residence, and a citizen of the People's Republic of China, filed a petition for alien relative (Form I-130) upon behalf of Wenmin Ma, also a Chinese citizen, on May 1, 2007, to classify her as the unmarried daughter of a U.S. permanent resident under 8 U.S.C. § 1153(a)(2)(B). Certified Administrative Record (A.R.) 13. The approval of this petition on July 20, 2009, *Id*., qualified Wenmin Ma to be interviewed for an immigrant visa at a U.S. consulate as soon as the "visa cut-off date" announced each month by the Department of State for the FB-2B category, with Chinese chargeability, became later than the date the petition was filed, commonly referred to as the "priority date". Upon issuance of an immigrant visa she was eligible to immediately travel to the U.S., and to be granted permanent residency as soon as she was admitted.

Thereafter, on February 26, 2013, Shuzen Li was naturalized a citizen of the United States. A.R. 12. As a consequence, her immigrant visa petition upon behalf of Wenmin Ma was automatically converted to the first preference category as the unmarried daughter of a U.S. citizen. A.R. 11. The "Visa Cut-Off Date" for Family-Based 1st Preference, China-chargeability, became May 22, 2007 on

October 1, 2014, thus making an immigrant visa available for Wenmin Ma on that date.

Tragically, before Wenmin Ma was able to be interviewed for an immigrant visa and immigrate to the United States,  her mother died on  October 14, 2014. A.R. 6. At that time Wenmin Ma was not a resident of the United States. The USCIS thereafter revoked the notice of approval of the petition on August 24, 2015, claiming that the death of Shuzhen Li automatically revoked her petition upon behalf of Wenmin Ma. However, because Wenmin Ma continues to be the unmarried daughter of Shuzhen Li despite her death, she has now commenced this action to have that decision held unlawful and set aside.

VI.. JURISDICTION

Inasmuch as this is a matter arising under the Immigration and Nationality Act and the Administrative Procedure Act, this Court has jurisdiction over this matter under 28 U.S.C. § 1331. This Court's jurisdiction is not stripped by 8 U.S.C. § 1252(a)(2)(B)(ii). *ANA Intern., Inc. v. Way*, 393 F.3d 886, 895 (9th Cir. 2004).

VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Since Wenmin Ma cannot appeal the revocation of this visa petition upon her behalf, A.R. 3,  there are no administrative remedies for her to exhaust.

1

2    VIII.   STANDING

3

4        Wenmin Ma,  has, as the beneficiary of the revoked petition, standing to file

5    an action under the Administrative Procedure Act (APA) for judicial review to

6    challenge that revocation. *Abboud v. INS,* 140 F.3d 843 (9th Cir 1998).

7

8

9    IX.    LEGAL STANDARD

10

11       The court reviews final agency actions under the Administrative Procedure

12   Act ("APA"), 5 U.S.C. § 701, *et seq*. The court does not determine whether there

13   are disputed issues of material fact as it would in a typical summary judgment

14   proceeding; its review is based on the administrative record. 5 U.S.C. § 706(2)(F);

15   *Nw. Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1472 (9th

16   Cir.1994); see also *South Yuba River Citizens League v. Nat'l Marine Fisheries*

17   *Serv.*, 723 F.Supp.2d 1247, 1256 (E.D.Cal.2010) (usual summary judgment

18

19   standards do not apply). The court must consider whether the agency's actions,

20   findings and conclusions are "arbitrary, capricious, an abuse of discretion, or

21   otherwise not in accordance with the law...." 5 U.S.C. § 706(2)(A). The court's

22

23   inquiry must be "searching and careful, but the ultimate standard is a narrow one."

24   *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotations

25   and citation omitted).

8 U.S.C. § 1155 provides that "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 204. Such revocation shall be effective as of the date of approval of any such petition." The 9th Circuit has held that "[t]he [BIA] has reasonably interpreted this statutory requirement to be satisfied if 'the evidence of record at the time the decision was issued ... warranted ... [a] denial' of the petition." *Love Korean Church v. Chertoff*, 549 F.3d 749, 753 n.3 (9th Cir.2008) (ellipses and last alteration in original) (quoting *Matter of Estime*, 19 I. & N. Dec. 450, 452 (B.I.A.1987)). Here the visa petition in question was filed pursuant to 8 U.S.C. § 1153(a), which provides in relevant part that:

> Preference allocation for family-sponsored immigrants.--Aliens subject to the worldwide level specified in section 201(c) for family-sponsored immigrants shall be allotted visas as follows: …
> (1) Unmarried sons and daughters of citizens.--Qualified immigrants who are the unmarried sons or daughters of citizens of the United States shall be allocated visas in a number not to exceed 23,400, plus any visas not required for the class specified in paragraph (4).

X.   ARGUMENT

A. THE REVOCATION OF SHUZHEN LI'S PETITION FOR HER DAUGHTER WAS NOT IN ACCORDANCE WITH LAW BECAUSE WENMIN MA CONTINUES TO BE HER MOTHER'S UNMARRIED DAUGHTER DESPITE HER MOTHER'S DEATH.

The  single question before this Court is whether the death of Shuzhen Li would have been a good and sufficient cause to deny her petition upon her daughter's behalf under 8 U.S.C. § 1153(a)(1) at the time it was approved. In other words, does the unmarried daughter of a citizen continue to be the unmarried daughter of a citizen after her citizen mother has died?

As it happens, the question is an easy one because the 9th Circuit has already addressed it, and found that the answer is "yes".

In *Federiso v. Holder*, 605 F.3d 695 (9th Cir. 2010), the Court of Appeals held that an alien could apply for a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H)  on the basis that he had a U.S. citizen parent, even though that parent was deceased. The court explained its decision as follows:

> A child never ceases to be his mother's son. He always is her son, even after her death. … (W)e are governed by *Chevron* and its progeny, and unless the "statute is silent or ambiguous with respect to the specific issue" before us, our work is done. *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778. As we have stated, the statutory language at issue here is plain: the son of a U.S. citizen may be eligible for a waiver.

*Federiso*, 605 F.3d at 698-699.
,So too here as in *Federiso*, the daughter of a U.S. citizen never ceases to be her mother's daughter. Wenmin Ma is always Shunzhen Li's daugher, even after Shunzhen Li's death. Accordingly, the statutory language at issue here is plain: Wenmin Ma was still eligible to be classified as a First preference family based immigrant under 8 U.S.C. § 1153(a)(1) at the time the USCIS revoked her mother's petition upon his behalf. Therefore that decision was not in accordance with law and so should be vacated. 5 U.S.C. § 706(1). *See Freeman v. Gonzales*,

444 F.3d 1031, 1034 (9th Cir. 2006) ( a surviving spouse could continue to be considered for an adjustment of status even if her husband died while the application was pending). See also *Lockhart v. Napolitano*, 573 F.3d 251 (6th Cir. 2009) (same); *Taing v. Napolitano*, 567 F.3d 19 (1st Cir. 2009) (same),  *But see Desai v. United States Citizenship & Immigration Servs*., 2015 U.S. Dist. LEXIS 97084 (C.D. Cal. July 24, 2015).

B. *DESAI* WAS WRONGLY DECIDED

In *Desai,* the married son of a deceased U.S. citizen brought an action to declare unlawful and set aside the United States Citizenship and Immigration Services' (USCIS) decision revoking his father's petition upon his behalf as a result of his father's death. The court dismissed his lawsuit, holding that the adoption of 8 U.S.C. § 1154(l) "shows a clear Congressional understanding of and intent  to adopt the long-standing practice of the immigration agencies." Id. at *3-4.

8 U.S.C. § 1154(l), Pub. L. 111-83, 123 Stat. 2142, 2187 (Oct. 28, 2009), provides in relevant part that:

(1) In general. An alien described in paragraph (2) who resided in the United States at the time of the death of the qualifying relative and who continues to reside in the United States shall have such petition described in paragraph (2), or an application for adjustment of status to that of a person admitted for lawful permanent residence based upon the

family relationship described in paragraph (2), and any related

applications, adjudicated notwithstanding the death of the qualifying

relative, unless the Secretary of Homeland Security determines, in the

unreviewable discretion of the Secretary, that approval would not be in

the public interest.

(2) Alien Described.-- An alien described in this paragraph is an alien who, immediately prior to the death of his or her qualifying relative, was-- …

**(B)**   the beneficiary of a pending or approved petition for classification under section 203 (a) or (d);

In short, the court held that because Congress chose to benefit those

immigrant visa beneficiaries who were residing in the United States at

the time of the death of its petitioner, it chose not to change the law as it

pertained to those beneficiaries who did not reside in the U.S. at the time

of their petitioner's death.

The problem with this reasoning is that it is indistinguishable from the

argument which the 9th Circuit expressly rejected in *Freeman v. Gonzales, supra*..

In *Freeman* a U.S. husband filed a petition upon behalf of his noncitizen wife, who

concurrently filed an application for adjustment of status.  Tragically, the husband

died after a less than a year of marriage and before either the petition or application

was adjudicated. The USCIS then denied Mrs. Freeman's application for

adjustment of status to permanent resident on the grounds that "Mrs. Freeman, now

a widow, no longer qualified for an adjustment of status because she was not a

'spouse' for purposes of the Immigration and Nationality Act (INA), her husband's death having occurred before they had been married for two years." Id at 1033.1. Mrs Freeman then filed an action in U.S. district court to overturn the director's design and, when it was dismissed, appealed to the 9th Circuit Court of Appeals.

Before the court the USCIS argued, much as it later did in *Desai*, that because Congress had included in its definition of "immediate relative" the spouse of a deceased U.S. citizen who had been married to the citizen for at least two years, therefor it intended to exclude those spouses such as Mrs. Freeman who had been married for less than two years at the time of the citizen's death. The 9th Circuit disagreed, stating that:

> The language of the first sentence of § 1151(b)(2)(A)(i), which sets out the general definition of immediate relative, is straightforward and succinct, and expressly includes "spouses." Only alien "parents" are subject to any limitation, with the grant of immediate relative status being restricted to those whose citizen child is at least 21 years of age. There is no comparable qualifier to be a "spouse"--that is, a requirement that the marriage must have existed for at least two years. "This fact only underscores our duty to refrain from reading a phrase into a statute when Congress has left it out.  Where Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Keene Corp. v. United States, 508 U.S. 200, 208, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993) (internal citation and quotation marks omitted). HN19 The words of Congress are clear and we presume that Congress meant precisely what it said: "The term 'immediate relative' means the . . . spouse . . . of a citizen of the United States," without exception. § 1151(b)(2) (A)(i); see also BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183, 124 S. Ct. 1587, 158 L. Ed. 2d 338 (2004) ("The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means

---

1 He also ordered her removed for overstaying her period of authorized stay pursuant to the Visa Waiver Program. Id.

and means in a statute what it says there." (quoting Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992))). Under the express terms of the statute, Mrs. Freeman qualified as the spouse of a U.S. citizen when she and her husband petitioned for adjustment of status, and absent a clear statutory provision voiding her spousal status upon her husband's untimely death, she remains a surviving spouse. Neither the definition of immediate relative nor the text and structure of the adjustment of status regime provides support for the government's position that Mrs. Freeman should be stripped of her spousal status.

Id., 1039-1040

So too the language of the first sentence of 8 U.S.C. § 1153(a)(1) is also straightforward and succinct and expressly includes "unmarried sons and daughters", subject to no limitations or restrictions whatsoever. Accordingly "The words of Congress are clear and we presume that Congress meant precisely what it said:", Id. at 1039, an unmarried son or daughter is an unmarried son or daughter, and, per the 9th Circuit's decision in *Federiso*, that status does not change with the death of the parent. Under the express terms of the statute, Ms. Ma qualified as the unmarried daughter of a U.S. citizen when her mother naturalized after filing a petition for her as the unmarried daughter of a lawful permanent resident, and absent a clear statutory provision voiding her status as daughter upon her mother's death, she remains a unmarried daughter. Nothing in the Immigration and Nationality Act provides support for the government's position that Ms. Ma should be stripped of her status as the unmarried daughter of a U.S. citizen.

Just as the mere fact that Congress chose to expressly benefit the widow(er)s of U.S. citizens who died after two years of marriage didn't mean it intended to change the plain meaning of the word "spouse", neither does the fact that it chose to expressly benefit the resident relatives of deceased U.S. citizen and permanent resident petitioners meant it intended to change the plain meaning of the phrase "unmarried son or daughter". In fact there is nothing in 8 U.S.C. § 1154(l) which in any way authorizes the revocation of a petition upon anyone's behalf. Rather it pertains solely to the circumstances under which petitions filed by deceased petitioner's must be adjudicated. It is therefore manifestly irrelevant to this matter, particularly inasmuch as Shuzhen Li's petition upon her daughter's behalf has already been adjudicated.

The reasoning of the *Desai* court that the adoption of 8 U.S.C. § 1154(l) "shows a clear Congressional understanding of and intent to adopt the long-standing practice of the immigration agencies.", Id. at *3-4., is particularly suspect. In fact, what Congress would've understood at the time of section 1154(l)'s enactment on October 28, 2009 (see Section 568(d) of PL-111-83, 123 STAT. 2187) was that the issue of whether a petitioner's death was a valid basis for denial or revocation of the decedent's petition upon behalf of his relative was in a state of flux, with the circuits splitting 2-1 on the issue in the preceding 3 years, with a majority favoring the proposition that the death of the petitioner did not authorize the denial of the petition, so long as the beneficiary's status continued to satisfy the

plain language of the statute. Cf *Freeman v. Gonzales*, *supra* and *Lockhart v. Napolitano*, 573 F.3d 251, 257 (6th Cir. 2009), *supra*, with *Ward v. Holder*, 2009 U.S. Dist. LEXIS 13498 (11th Cir. 2009). If we should attribute any intent to Congress at all regarding non-resident beneficiaries of deceased petitioners, it should be to either to defer to the holding of a majority of the circuits addressing the issue, or simply to leave it to the courts to resolve it on a case by case basis

## C. CONCLUSION

This Court should hold unlawful and set aside the defendants' decision revoking Shuzhen Li's immigrant visa petition upon behalf of Wenmin Ma  and direct that the notice of approval of the petition be forwarded to the National Visa Center for immigrant visa processing.


Respectfully submitted this 8th day of July, 2016.


LEAD COUNSEL:                          s/Michael E. Piston
                                       Michael E. Piston
                                       (MI SB# P34568)
                                       Attorney for the Plaintiff
                                       225 Broadway Suite 307
                                       New York, NY 10007

1

2

3

4

5

6
    LOCAL COUNSEL:                   s/Kasturi B. Gandham

7
                                       Kasturi B. Gandham (CSB# 158791)
Law Offices of Kasturi B.

8
Gandham
4126 W. Concord Avenue

9
Visalia, CA  93277

10

11
(626) 284-4365

12
(626) 284-4381 facsimile

13
kgandham@aol.com

14

15

16

17

18

19

20

21

22

23

24

25

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing

Plaintiff's Motion for Summary Judgment with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to the following

CM/ECF participants:

Anthony D. Bianco

I further certify that I have mailed by United States Postal Service the foregoing

document to the following non CM/ECF participant, addressed as follows:

NONE

Dated this 8th day of July, 2016.          s/Michael E. Piston
                                           MICHAEL E. PISTON (MI SB#P34568)
                                           Attorney for Plaintiff
                                           225 Broadway Suite 307
                                           New York, NY 10007
                                           Telephone: (646) 845-9895
                                           Facsimile:  (206) 770-6350
                                           michaelpiston4@gmail.com